IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERECA MARIE MURPHY                                                              PLAINTIFF

V.                                           NO. 15-5116

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Tereca Marie Murphy, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 7, 2013, alleging an inability to work since December 1, 2009,[1] due to migraine headaches, sleep apnea, depression, anxiety, restless leg syndrome, weak thyroid, and weak right ankle. (Tr. 186-198, 246, 250). An administrative hearing was held on October 22, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 31-53). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in

---

[1] Plaintiff amended her onset date to January 18, 2013. (Tr. 229).

1

Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform simple, routine and repetitive tasks in an environment where interpersonal contact is incidental to the work performed. She can respond to supervision that is simple, direct and concrete.

(Tr. 20). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as fabric layout, cutter helper, food processing worker, conveyor line bakery worker, spice mixer, and motel maid. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 3, 2015. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc.1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. <u>Edwards v. Barnhart</u>, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. <u>Haley v. Massanari</u>,

2

258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520, abrogated on

other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ erred in according "little weight" to the opinion of Plaintiff's mental counselor; 2) Plaintiff is unable to perform the basic mental demands of unskilled work; and 3) The ALJ erred in failing to provide specific rationale for rejecting her testimony and evaluating her credibility.

#### A. Credibility Analysis:

Plaintiff argues that the ALJ failed to provide specific reasons for rejecting Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 21). The ALJ discussed Plaintiff's daily activities, finding that she had mild

4

restrictions. (Tr. 19). He noted that Plaintiff reported she needed no help with her activities of daily living, was able to drive familiar/unfamiliar routes, shop independently, handle her personal finances, made lunch and dinner for her daughter, did the laundry once a week, made sure her daughter had a bath, and had her come into her bedroom to do her homework. (Tr. 19).

The ALJ discussed the Plaintiff's medical records, including those of one of her treating physicians, Dr. Paul Daidone. (Tr. 21-22). The ALJ observed inconsistencies, noting that in spite of the fact that she alleged her medication for migraines was not helpful, subsequent medical records showed that physicians continued to prescribe prophylactic medication (Topamax) for migraines. (Tr. 22). He also noted that the medical records did not contain any evidence that Plaintiff sought emergency medical treatment specifically for a migraine headache after August 2012 (and the institution of Topamax). (Tr. 22). The Court also notes that on September 18, 2012, Plaintiff advised Dr. Daidone that the Topamax was "working great." (Tr. 533). She did not complain of migraine headaches again to Dr. Daidone until December 18, 2012, when she reported the migraines were back and that she was having them two to three times a month. (Tr. 519). On January 30, 2013, she presented to Dr. Daidone to have paperwork filled out for her total/short term disability, and again reported her migraines were back. (Tr. 508). However, the majority of medical records dated subsequent thereto deal with Plaintiff's alleged mental impairments rather than her migraine headaches. Finally, the ALJ found it "interesting" that Plaintiff saw Dr. Daidone on January 30, 2013, requesting that he complete paperwork for her total/short term disability and reported that her migraines were back, but testified that she was terminated from her job in January of 2013 because a child accused her of purchasing drugs from her father. (Tr. 22,

251). It is also noteworthy that throughout the relevant time period, Plaintiff smoked one-half pack of cigarettes daily, was encouraged to quit, and reported to Debbie Koch, ANP, of Perspectives Behavioral Health Management (Perspectives) on June 7, 2013, that she did not want help to try to stop smoking, which discredits her disability allegations. (Tr. 649). See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B.  RFC Determination:

Plaintiff argues that the ALJ erred in according "little weight" to the Medical Source Statement completed by Diana Haberman, Ph.D., LPC, of Perspectives, who opined that Plaintiff suffered from severe limitations. Plaintiff also argues that the ALJ erred in determining Plaintiff was capable of performing unskilled work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to

determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

In his decision, the ALJ discussed the records from Ms. Haberman as well as the Mental RFC Questionnaire she completed on October 2, 2013. The ALJ gave her opinion little weight, stating that Plaintiff only started seeing Ms. Haberman in May of 2013, and she dated the limitations to only "10/14" which probably should have been 10/13. The Court finds it noteworthy that below her signature, Ms. Haberman wrote: "I am not the physician Dr. Clay is psychiatric in charge." (Tr. 676). The ALJ in this case clearly considered her opinion. However, he gave the opinion of Mary J. Sonntag, Psy.D., dated March 5, 2013, great weight, as it was consistent with and supported by the evidence of record. (Tr. 25). Dr.

7

Sonntag found that Plaintiff was able to drive familiar/unfamiliar routes, shop independently, handle her personal finances, and performing activities of daily living. (Tr. 476). She also found that Plaintiff communicated and interacted in a socially adequate manner in the evaluative setting, spoke in an intelligible and effective manner, demonstrated no difficulty coping with the typical mental and cognitive demands of the tasks given her on the evaluation, had no difficulty attending to the serial 3's task or simple calculations on the evaluation, and persisted on the tasks of the evaluation, at an average pace and within an acceptable time frame. (Tr. 476). Dr. Sonntag gave Plaintiff the following diagnosis:

> Axis I:   Panic Disorder without agoraphobia
> 
> Mood Disorder, NOS
> 
> Axis II;   Borderline Personality Disorder
> 
> Axis V:   GAF – 58

(Tr. 475). The ALJ also discussed the records from Perspectives, which showed low GAF scores of 40 and 43, noting that they were not a reliable measure of functional ability, as they revealed only a picture in time. (Tr. 24). See Mabry v. Colvin, 815 F.3d 386, 391 (8th Cir. 2016)(noting that an ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it, citing Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010)).

The Court finds there is substantial evidence to support the ALJ's conclusion that Plaintiff is capable of performing unskilled, light work, and to support the weight he gave to the various physicians' opinions.

**C. Hypothetical Question:**

At the hearing, the ALJ posed the following hypothetical question to the VE:

Q: I'd like you to assume a hypothetical person, younger individual, more than a high school education, the past work you just told me about. In the first hypothetical the person can do light work as defined by the regulation, with the earlier limitation that the person could perform simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed, and can work under supervision that is simple, direct and concrete. …So my question is would there be work in the economy the person could do?

A: Yes, your Honor.

Q: Three examples, please.

A: light, unskilled production helpers, using as two representative samplings of the 156 light, unskilled occupations…fabric layout worker, …and cutter/helper, …[l]ight, unskilled food processing workers, using as two representative samplings of the 15 light, unskilled occupations…conveyor line bakery worker,…, and spice mixer, …Motel maid, which is a light, unskilled occupation, …

(Tr. 52-53).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that there were jobs Plaintiff would be capable of performing, such as fabric layout, cutter helper, food processing worker, conveyor line bakery worker, spice mixer, and motel maid. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 22nd day of June, 2016.

                                            */s/ Erin L. Setser*
                                            HONORABLE ERIN L. SETSER
                                            UNITED STATES MAGISTRATE JUDGE